Moore v. McIntosh.

---

[529] MOORE *vs.* McINTOSH.

A *circuit judge* has not the power to order a *discovery of papers*, except in vacation.
In application for discovery, the party applying is held to a strict conformity to the rules of court on this subject.

MOTION to vacate an order of the circuit judge of the first circuit, directing a discovery of papers.

*By the Court,* BRONSON, J. The order directing the plaintiff to produce and deposit the note with the clerk of the court for inspection, or to show cause, was made on the second day of February, and the January term of this court did not

Moore v. McIntosh.

end until the fourth day of that month. A circuit judge has no power to make an order for the discovery of books and papers, *except in vacation.* (2 *R. S.* 199, § 23.) The judge no doubt supposed the court had adjourned, but that cannot alter the case; the objection goes to his jurisdiction.

Independent of this question, the defendant was not entitled to an order for a discovery. The petition presented to the judge stated that the suit was commenced by the service of a declaration containing the money counts only, with a notice endorsed that the plaintiff would give in evidence a note purporting to have been made by the defendant, of which a copy was given. The defendant then states in the petition, that on inspecting the copy of the note, he verily believes that a material alteration has been made in the same since the note was given by him, if ever the same was so given, and that such alteration would constitute a good defence in this action, as he is advised by counsel and verily believes. He then adds, that the note is not in his custody or under his control, &c., and prays an order that the plaintiff may produce and deposit the note with the clerk, to the end that he may inspect it, and be prepared for his defence.

The cause was at issue and ready for trial. The practice of the court, [530] on applying for a discovery in such a case, requires the party to swear that he is advised by his counsel, and verily believes, that the discovery of the books, papers, &c., "is necessary to enable him to prepare for trial." (*Rule* 29.) No such fact was sworn to by the defendant in this case, nor was there any suggestion that an inspection of the note was necessary in preparing his defence. He asks an order that the note may be deposited with the clerk for inspection, but he does not swear that either he or his counsel think it in any way important that such an order should be made. He has sworn to nothing inconsistent with the supposition that he made the application merely for the purpose of delay; and from the facts disclosed in the papers before the court, (but which need not be stated,) it is apparent that delay was the principal, if not the only motive for making the application.

That the discovery is "necessary," the party is required to swear on the advice of counsel; but if it was otherwise, there is nothing in this case from which that necessity can be inferred. He believes a material alteration has been made in the note, and that such alteration would constitute a good defence to the action. He had a copy of the note already, and for aught that appears, he was as well prepared for trial as he could be after receiving a sworn copy, or having an inspection of the instrument.

Again: why did not the defendant state in what the supposed alteration consisted, so that the court could judge of its materiality? and why did he not add, that the alteration which he believed had been made, was not made by him, or with his consent? The facts disclosed, on showing cause against an absolute order, go very far towards showing that these omissions, on making the application, did not occur by accident.

The statute directs, (§ 22,) that " the court shall, by general rules, prescribe the cases in which such discovery may be compelled, and the proceedings for that purpose; and therein the court shall be governed by the principles and practice of the court of chancery in compelling discovery." In the following statute, and prescribing rules for the exercise of this new jurisdiction, the court [531] has been careful to provide, that the party applying shall not only swear that a discovery is necessary, but " shall state the facts and circumstances on which the same is claimed." If parties are not held to a strict compliance with the regulations which have been adopted in relation to obtaining a discovery in such cases, this branch of the jurisdiction of the court may be perverted to mischievous purposes.

In vacating an order made by a competent officer, it is not usual to award costs against the party. But in this case I think the defendant ought to pay the costs of the motion. The cause was noticed for trial, and an inquest was to be

taken on the 29th of January; and on that day, without having filed an affidavit of merits, and without informing the judge of anything which had been done in the cause after issue joined, he made the first application, and obtained an order staying the plaintiff's proceedings. The plaintiff has consequently been delayed one term in obtaining his judgment. Without noticing any other ground, I think this such an improper course, on applying for a judge's order, as should subject the party to costs.

Motion granted, with costs to be paid by the defendant.